UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| KABENGA v. SESSIONS | Dkt. No. 15-1367 |

### Respondents-Appellants' Reply Memorandum in Support of Their Motion to Dismiss the Appeal as Moot

Respondents-appellants (the "government") respectfully submit this reply memorandum in support of their motion to dismiss this appeal as moot and vacate the district court's judgment granting petitioner-appellee Musafiri G. Kabenga's petition for a writ of habeas corpus.

### Preliminary Statement

This appeal became moot when the Board of Immigration Appeals ("BIA") *sua sponte* reopened Kabenga's removal proceedings. The parties thus agree that the Court should dismiss the appeal. As discussed below and in the government's opening motion, the Court also should vacate the district court's judgment.

Contrary to Kabenga's argument in response to the government's motion, the BIA's re-opening of Kabenga's removal proceedings was an independent, *sua sponte* adjudicatory action by an administrative body within the Department of Justice that exercises quasi-judicial appellate authority. It was not attributable to the Attorney General, U.S. Customs and Border Protection, or any of the other respondents in this matter. In addition, the catalyst for the BIA's re-opening of

Kabenga's removal proceedings was a Supreme Court decision, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that does not concern the legal issues presented in the government's appeal, yet resulted in the mootness of that appeal.

Accordingly, this situation presents a classic example of mootness arising not from a voluntary decision by a party, but from "happenstance" not attributable to the litigants. Under those circumstances, the Court should dismiss the appeal, vacate the district court's judgment, and remand the case to the district court with instructions to dismiss the action as moot. *See Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001); *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989).

**Argument**

The Court should dismiss the appeal as moot and vacate the district court's judgment. Kabenga opposes vacatur. He argues that "[i]t is the Attorney General's reopening of Mr. Kabenga's removal proceedings (through the Board) that now deprives the Attorney General of review of the district court order." (Opp. (ECF No. 121) 6). That argument is incorrect.

The BIA is an administrative body within the Department of Justice's Executive Office for Immigration Review that exercises appellate review over certain decisions by immigration judges and the Department of Homeland Security. *See* 8 C.F.R. § 1003.1(b), (d). While governed by applicable law, regulations, and procedures, and binding decisions of the Attorney General, the

2

BIA is charged with exercising its judgment independently in the cases that come before it. 8 C.F.R. § 1003.1(d)(1)(ii) ("Subject to these governing standards, Board members shall exercise their independent judgment and discretion in considering and determining the cases coming before the Board . . . ."); *see also id.* § 1003.1(d)(1) ("The Board shall resolve the questions before it in a manner that is timely, impartial, and consistent with the [Immigration and Nationality] Act and regulations."). Accordingly, as courts have recognized, the BIA performs "quasi-judicial functions." *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001); *see Dia v. Ashcroft*, 353 F.3d 228, 235 (3d Cir. 2003); *Gelman v. Ashcroft*, 298 F.3d 150, 155 n.4 (2d Cir. 2002) (Sotomayor, J., dissenting).

The Supreme Court recognized the BIA's independent role over sixty years ago. In *United States ex rel. Accardi v. Shaughnessy*, the Court explained:

> [T]he Board was required, as it still is, to exercise its own judgment when considering appeals. The clear import of broad provisions for a final review by the Attorney General himself would be meaningless if the Board were not expected to render a decision in accord with its own collective belief. In unequivocal terms the regulations delegate to the Board discretionary authority as broad as the statute confers on the Attorney General; the scope of the Attorney General's discretion became the yardstick of the Board's. And if the word "discretion" means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience. This applies with equal force to the Board and the Attorney General. In short, as long as the regulations remain operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision in any manner.

347 U.S. 260, 266-67 (1954).

For the foregoing reasons, the BIA's determination to reopen Kabenga's removal proceedings was a quasi-judicial adjudicatory action taken pursuant to the BIA's regulatory authority, not a litigation tactic by the Attorney General or any other respondent in the instant action. Consequently, the mooting of the government's appeal should not be attributed to the Attorney General or any of the other respondents in this matter, and thus the district court's judgment should be vacated. *See Van Wie*, 267 F.3d at 115.

Furthermore, the BIA's determination to reopen Kabenga's removal proceedings for consideration of *Dimaya* was unrelated to the legal issues presented to this Court. At issue in the appeal is the district court's interpretation of 8 U.S.C. § 1252(e)(2), including its determination that its review of Kabenga's 2014 expedited removal order under the narrow jurisdictional provisions of that statute included the power to nullify Kabenga's underlying 2012 final order of removal. As Kabenga acknowledges, the BIA's *sua sponte* reopening of Kabenga's removal proceedings based on *Dimaya*, which the BIA described as a "fundamental change in law," was a "different basis than that of the district court judgment"—*i.e.*, the judgment that the government appealed to this Court. (Opp. 4 n.1 & Ex. 1). This is a classic example of "happenstance" depriving the government of appellate review, and thus vacatur of the district court's judgment is proper. *See Van Wie*, 267 F.3d at 115.

4

Finally, contrary to Kabenga's argument (Opp. 5-6), equitable considerations favor vacatur in this matter. The BIA's reopening of Kabenga's removal proceedings based on *Dimaya* has deprived the government of its appellate rights in this matter and insulated the district court's interpretation of section 1252(e)(2) from appellate review. This sequence of events occurred after full briefing of the government's appeal to this Court, the scheduling of oral argument, and the staying of that argument and holding of the appeal in abeyance at Kabenga's request, over the government's opposition. (ECF Nos. 63, 68, 72). Those equitable considerations favor vacatur of the district court's judgment to "ensure[] that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

## Conclusion

For the foregoing reasons, and those set forth in the government's opening motion, the Court should dismiss the appeal as moot, vacate the district court's judgment, and remand the matter to the district court with instructions to dismiss the action as moot.

Dated: New York, New York
       September 4, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
*United States Attorney for the*
*Southern District of New York*,
*Attorney for Respondents-Appellants.*

JOSEPH N. CORDARO,
*Assistant United States Attorney*,
    *Of Counsel*.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 1,110 words.